IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| CURTIS VAN VITZTHUM and ) | |
| CONNIE SUE VITZTHUM ) | Case No. 09-21577-drd-7 |
|                Debtors. ) | Chapter 7 |
| _____) | |
| ) | |
| CURTIS VAN VITZTHUM and ) | |
| CONNIE SUE VITZTHUM, ) | Adversary No. 11-2007-drd |
|                Plaintiffs, ) | |
| v. ) | |
| ) | |
| EDUCAP, INC., ) | |
| a/k/a Loan to Learn, ) | |
|                Defendant. ) | |
| ) | |

## ORDER DENYING PLAINTIFFS' AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN

This matter comes before the Court on the Amended Complaint Seeking Determination of Dischargeability of Student Loan ("Complaint") filed by plaintiffs Curtis Van and Connie Sue Vitzthum ("Debtors" or "Plaintiffs") against defendant Educap, Inc. a/k/a Loan to Learn ("Defendant" or "Educap"). Plaintiffs seek a determination that their debt should be discharged pursuant to 11 U.S.C. § 523(a)(8). This is a core proceeding under 28 U.S.C. §157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court finds that Plaintiffs' Amended Complaint should be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are uncontroverted: In October 2005, Plaintiffs and their daughter

submitted a loan application to Defendant.  The proceeds of the loan were intended to be used for the educational expenses of Plaintiffs' daughter in pursuing a post-secondary education.  On October 28, 2005, Plaintiffs and their daughter executed a promissory note regarding the loan.  The promissory note identifies Plaintiffs as Applicant #1 and Applicant #2 and their daughter as Student.  The Note contains the following language: "By signing below, I agree to the terms and conditions contained in the Note.  Everything disclosed on the application portion of the Note is true and correct to the best of my knowledge.  The proceeds of any loan made under this Note will be used for educational purposes only."  It also contained a provision that stated "The proceeds of this note will be used solely for tuition and other reasonable education expenses including, but not limited to room and board, fees, books, personal computer, supplies and equipment, laboratory expenses, transportation and commuting costs, and other education-related personal expenses of the Student." and "I understand that the loan is an educational loan made under a program which is funded in whole or in part by a non-profit organization, EduCap, Inc. And as such, is not dischargeable in bankruptcy except pursuant to 11 U.S.C. § 523(a)(8)."

The loan application was accepted by Defendant and a disbursement check made payable to Plaintiffs and their daughter was issued on November 14, 2005.  The proceeds from the loan were used for Plaintiffs' daughter while she was pursuing a post-secondary education and Plaintiffs did not use any of the loan proceeds for their own education and did not become students.

Plaintiffs filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code and Defendant filed its proof of claim on August 21, 2009, stating the basis for the claim as "Education Loan; Non-Dischargeable pursuant to 11 U.S.C. § 523(a)(8)."  On May 20, 2011,

Plaintiffs filed an Amended Complaint to Determine Dischargeability of Student Loan and on June 3, 2011, Defendant filed an Answer. The parties have submitted the matter on Stipulated Facts.

## II. LEGAL ANALYSIS

The Court must determine whether the exception to discharge for student loans as set forth in §523(a)(8) applies to Debtors as non-student co-obligors who did not use any of the loan proceeds for their benefit. Section 523(a)(8) provides that a debt is nondischargeable in bankruptcy where the debt is "for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education...." The language of a statute must be given its plain meaning, "unless the intent of the legislature or the purposes served by the statute would be frustrated by such an interpretation." *In re Boylen*, 29 B.R. 924, 926 (Bankr. N.D. Ohio 1983). The United States Supreme Court has said that the literal terms of a statute are to be overridden only under rare and exceptional circumstances *unless* "that leads to an unreasonable result plainly at variance with the evident purpose of the legislation." *See In re Feenstra*, 51 B.R. 107, 110 (Bankr. W.D.N.Y. 1985) *(*citing *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930); *Lincoln v. Ricketts*, 297 U.S. 373, 376 (1936)).

Debtors argue that the legislative history of §523(a)(8) and the policy of the Bankruptcy Code requires a finding that such a loan is only an "educational loan" as to the party that received the benefits of the loan and therefore only covers the student-borrower. Debtors cite to *In re Boylen*, 29 B.R. 924 (Bankr. N.D. Ohio 1983) and its progeny that determined that the legislative history focused mainly on student borrowers and meant to exempt co-makers from non-

3

dischargeability under § 523(a)(8). *See also, In re Washington*, 41 B.R. 211, 214-15 (Bankr. E.D. Va. 1984)[1]; *In re Behr* 80 B.R. 124 (Bankr. N.D. Iowa 1987) (finding legislative history suggests Congress meant for students that received benefits of loan to be the focus of the statute); *In re Zobel*, 80 B.R. 950 (Bankr. N.D. Iowa 1986) (holding co-signer of student loan could discharge his obligation because did not benefit as the student).

Debtors also argue that the text of the statute leads to a result that is at odds with congressional intent and is thus not conclusive. They argue that the courts that find the statute unambiguous are incorrect and again focus on the argument that Congress sought to prevent *students* from discharging educational loans and that Debtors, as parents and co-obligors, do not receive the sort of benefit that should go with nondischargeable debt. Further, Debtors argue that the findings by the courts that the congressional goal was to preserve the financial integrity of the education loan programs are based on pure speculation as to congressional intent and contravene the policy of narrowly construing exceptions to discharge against creditors.

After reviewing the cases, this Court agrees with those courts that have applied the statute as written and found that excepting the parental loan from discharge would not lead to a result plainly at variance with the purpose of the legislation. The language of this exception is plain and does not appear to limit itself by its terms to the student debtor only. Neither does the language of §523(a)(8) refer to whether the debtor derived educational benefit. The loan is still an educational one even if that benefit is received by a person other than the debtor. As noted above, Debtors conceded this in the language of the note itself. Rather, the focus is on the nature and character of the loan and the identity of the lender, specifically whether it was an educational loan

---

[1] The Court notes that the *Washington* and *Boylen* courts stated that the student loan debt at issue in that case would have been dischargeable on the basis of undue hardship regardless of the non-student borrower issue.

made, insured, or guaranteed by a governmental unit or made under a program funded at least in part by a governmental unit. *See In re Wilcon*, 143 B.R. 4 (Bankr. D. Mass. 1992); *In re Martin*, 119 B.R. 259 (Bankr. E.D. Okla. 1990); *In re Barth*, 86 B.R. 146 (Bankr. W.D. Wisc. 1988); *In re Feenstra*, 51 B.R. 107 (Bankr. W.D.N.Y. 1985). There is no stated exception to the general rule of nondischargeability on the basis that the borrower is not the student. The language of the section is broad in scope and the undue hardship exception to it is carefully delineated. It must be regarded as the best evidence of Congressional intentions towards co-makers in the absence of any clearly expressed legislative intent to the contrary. *See Barth*, 86 B.R. at 148. If Congress had intended to exclude non-student obligors from the rule of nondischargeability, it could have done so. It did not.

This Court finds that the legislative history offers no basis for not enforcing the literal language of § 523(a)(8). First, it is inappropriate to use the legislative history to override an unambiguous statute. *See In re Hammerstrom*, 95 B.R. 160, 162-63 (Bankr. N.D. Cal. 1989). Second, there is no clear evidence that Congress intended for a educational loan to be dischargeable merely because the debtor is someone other than the student. If, as Debtors argue, Congress' primary goal was to prevent abusive discharge of educational loans by *students*, barring discharge also to a co-maker does not thwart that goal. A court may not decline to follow the plain language of a statute merely because such language goes beyond Congress' primary stated goal in enacting this statute. As noted, this Court must find that a literal reading of the statute would actively frustrate the purpose of Congress as revealed in legislative history and barring discharge of a co-maker of an educational loan in no way thwarts Congress' purpose of preventing abusive discharge of educational loans by students. *See, e.g., In re Hudak*, 113 B.R.

923 (Bankr. W.D. Penn. 1990). In fact, such intent is equally applicable to student-makers of loans and to co-makers, "as all may abuse the bankruptcy system or take advantage of legal loopholes." *In re Pelkowski*, 990 F.2d 737, 744 (3d Cir. 1993); *see also, In re Palmer*, 153 B.R. 888, 893 (Bankr. D.S.D. 1993). Debtors' argument to the contrary notwithstanding, the Congressional record is clear that one of the purposes of enacting the limitation on discharge was to preserve the financial integrity of the educational loan program. That purpose is better served by applying the literal terms of the statute and not carving out an unstated exception for borrowers or co-obligors who are not students. *See In re Hamblin*, 277 B.R. 676, 681 (Bankr. S.D. Miss. 2002); *see also, Hammerstrom*, 95 B.R. 160, 162-63. This finding does not contravene the policy of narrowly construing exceptions to discharge against creditors as that only applies when there is a need for the court to construe an exception to discharge. As noted above, here the text of the statute and its exceptions are clear and do not require any construction, only the application of the plain language. *See, e.g., Pelkowski*, 990 F.2d at 741; *see also, Barth*, 86 B.R. at 149.

     Section 523(a)(8) does not refer to a "student debtor" but applies to any "individual debtor" from "any debt" for a covered educational loan. *Pelkowski*, 990 F.2d at 741. The prevention of discharge of educational loans for reasons other than those clearly outlined in the statutory exceptions is the purpose of §523(a)(8), and in applying the plain language of that statute this Court finds that the debt at issue is an educational loan of the kind governed by §523(a)(8) and that Debtors have not shown that they fall under any of the statutory exceptions to discharge. Thus, the debt owed to EduCap, Inc. by Debtors is nondischargeable under §523(a)(8) and Plaintiffs' Amended Complaint to Determine Dischargeability of Student Loan is denied.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Amended Complaint to Determine Dischargeability of Student Loan is denied and the debt owed to EduCap, Inc. by Debtors is nondischargeable under §523(a)(8) . This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

ENTERED this 7th day of September 2011.

/s/ Dennis R. Dow
THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Eric L. Johnson
Richard E. Kruger
William P. Nacy